An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RONALD ROSS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63624

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

On appeal from the denial of his November 30, 2011, petition, appellant argues that the district court erred in denying several of his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23823

First, appellant argues that counsel was ineffective for failing to engage in pretrial discovery, because had counsel done so, he would have obtained the surveillance video from the shoe store. Appellant has failed to demonstrate deficiency or prejudice. The district court's finding that the video was destroyed before appellant was arrested or counsel was appointed is supported by substantial evidence in the record. Appellant thus failed to demonstrate that counsel's performance was deficient in not obtaining a video that had already been destroyed. Moreover, because several witnesses had viewed the video before it was destroyed in the store's ordinary course of business and testified that it depicted appellant purchasing merchandise with the stolen credit card, appellant cannot demonstrate a reasonable probability of a different outcome had the video been available. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Second, appellant argues that counsel was ineffective for violating appellant's right to a speedy trial. Appellant has failed to demonstrate deficiency or prejudice. This court has previously held that appellant's right to a speedy trial was not violated, *Ross v. State*, Docket No. 52921 (Order of Affirmance, November 8, 2010), and that holding is the law of the case, *Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975). Thus appellant cannot demonstrate that any action or inaction of counsel violated the right. Moreover, appellant's claim that he was prejudiced because the delayed trial resulted in the loss of the shoe store surveillance video was patently without merit where the video was destroyed before appellant was arrested and was thus unavailable for trial regardless of when it was held. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Third, appellant argues that counsel was ineffective because a communication breakdown prevented appellant from being able to assist counsel in the preparation of his defense, including explaining his conduct or offering any potential alibis. Appellant has failed to demonstrate deficiency or prejudice. The only specific information appellant alleged was regarding his alibi for the theft at the Santa Fe casino, but the State moved to dismiss those charges before trial such that, even if his claims were true, appellant could not demonstrate a reasonable probability of a different outcome had there been better communication. Appellant otherwise failed to specify what explanation or alibi he would have given counsel or how it would have affected the outcome at trial. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984) (holding that a petitioner is not entitled to an evidentiary hearing where his claims are unsupported by specific factual allegations that, if true, would have entitled him to relief). We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Fourth, appellant argues that counsel was ineffective for failing to object to expert testimony pertaining to pickpockets and distraction thefts where the witness was not noticed as an expert.[1] Appellant has failed to demonstrate deficiency or prejudice. Appellant made only a bare allegation that the detective's testimony amounted to expert opinion. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6

[1]Appellant's opening brief refers to transcript pages containing the testimony of Detective Rader. However, Detective Rader did not testify to the allegedly objectionable facts. Rather, Detective Flenner did, and appellant's petition and supplement below both raise this claim in conjunction with Detective Flenner. Accordingly, our analysis of this claim is in regard to the testimony of Detective Flenner.

(1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court."). Further, even assuming that the detective did give expert testimony that was not noticed pursuant to NRS 174.234(2), appellant made no allegation that the omission was made in bad faith such that the district court would have excluded the testimony. *See* NRS 174.234(3)(b). We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Fifth, appellant argues that counsel was ineffective for failing to retain a defense expert to rebut the expert testimony of Detective Flenner. Appellant has failed to demonstrate deficiency or prejudice. Appellant, who acknowledges that Detective Flenner was not noticed as an expert witness, has failed to demonstrate that counsel was objectively unreasonable in failing to anticipate the testimony and retain a defense expert to meet it. Moreover, even had a defense expert testified that appellant's actions were also consistent with non-criminal activity, there was no reasonable probability of a different outcome where the victim testified that only appellant was close enough to her to take her wallet and appellant used the victim's stolen credit card shortly after the theft. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Sixth, appellant argues that counsel was ineffective for failing to properly challenge the use of a preliminary-hearing transcript in lieu of live testimony at the trial and for not making an offer of proof as to what additional questions counsel would have posed to a live trial witness. Appellant's bare claim has failed to demonstrate deficiency or prejudice. Appellant did not specify what additional efforts the State should have

made to procure the witness, what additional questions counsel could have posed to a live witness, or how the results would have led to a reasonable probability of a different outcome at trial. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Seventh, appellant argues that counsel was ineffective for failing to renew at trial his preliminary-hearing objection for violating the best evidence rule. Appellant's bare claim has failed to demonstrate deficiency or prejudice where he does not identify the objection that counsel should have renewed. To the extent appellant is claiming, as he did below, that counsel should have renewed an objection to testimony about the shoe store surveillance video on the grounds that it was not the best evidence, counsel made no such objection at the preliminary hearing that he could have renewed at trial. Moreover, even had counsel objected to testimony about the video, the law of the case is that the best-evidence-rule exception in NRS 52.255(1) was satisfied. *Ross v. State*, Docket No. 52921 (Order of Affirmance, November 8, 2010); *see also Hall*, 91 Nev. at 315-16, 535 P.2d at 798-99. Accordingly, there was no reasonable probability that the district court would have sustained the objection and, thus, of a different outcome at trial. We therefore conclude that the district court did not err in denying this claim without an evidentiary hearing.

Eighth, appellant argues that counsel was ineffective for failing to raise certain objections during the State's closing arguments and at sentencing and for failing to move post-verdict to dismiss the case for lack of evidence. These claims were not raised below, and we decline to consider them in the first instance on appeal. *See Davis v. State*, 107 Nev.

600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

Finally, appellant argues that the cumulative errors of trial counsel warrant a new trial. Appellant has identified no errors of counsel, so there are no errors to cumulate. We therefore conclude that the district court did not err in denying this claim.

For the foregoing reasons, we find appellant's claims to be without merit, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Michael Villani, District Judge
      Matthew D. Carling
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk