An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE NACIEL MENDOZA-GUERRERO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65371

**FILED**

JUL 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

In his petition filed on January 22, 2014, appellant claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23896

the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant claimed that his trial counsel was ineffective for failing to advise him of the negative immigration consequences of his guilty plea. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The written guilty plea agreement, which appellant acknowledged was translated and read to him in his native language, informed appellant that "any criminal conviction will likely result in serious negative immigration consequences." In fact, the documents before this court indicate that an immigration hold was placed in this case the day after appellant's arrest and this hold was discussed at the conclusion of the preliminary hearing when the parties discussed bail. Thus, the immigration consequences were immediately discernable. Appellant failed to demonstrate that there was a reasonable probability that he would not have entered a guilty plea and would have insisted on going to trial given the substantial benefit he received by the plea bargain and his prior knowledge of the immigration hold. *See Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) (recognizing that a petitioner must convince the court that the decision to reject a plea bargain would have been rational under the circumstances). Therefore, we conclude that the district court did not err in denying this claim.

Next, appellant claimed that the district court erred in denying his presentence motion to withdraw a guilty plea. This claim was previously litigated on direct appeal, and the doctrine of the law of the

case prevents further litigation of this claim. *See Hall v. State*, 91 Nev. 314, 535 P.2d 797 (1975). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Valorie J. Vega, District Judge
       Jose Naciel Mendoza-Guerrero
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

3