An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JUAN MANUEL LUNA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64789

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellant filed his petition on October 3, 2013, ten years after entry of the judgment of conviction on October 26, 1993. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Moreover, because the State specifically

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Luna v. State*, Docket No. 27376 (Order Dismissing Appeal, May 10, 1999).

SUPREME COURT
OF
NEVADA

(O) 1947A

14 - 30708

pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

First, appellant claimed that he had good cause to overcome the procedural bars because counsel failed to file a direct appeal from his judgment of conviction. Appellant failed to demonstrate good cause because he knew in 1994 that counsel did not file a direct appeal. He could have raised this claim in his 1994 petition and failed to demonstrate good cause for the entire length of his delay. *Hathaway v. State*, 119 Nev. 248, 254-55, 71 P.3d 503, 507-08 (2003). Therefore, the district court did not err in denying this claim.

Second, relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant argued that he had good cause because he was not appointed counsel in the first post-conviction proceedings. We conclude that this argument lacked merit. The appointment of counsel was discretionary in the first post-conviction proceedings, *see* NRS 34.750(1), and appellant failed to demonstrate an abuse of discretion. Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures. *See Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014). Thus, the failure to appoint post-conviction counsel and the decision in *Martinez* would not provide good cause for this late and successive petition.

Finally, appellant claimed that he was actually innocent of the deadly weapon enhancement. Appellant previously raised this exact claim in a motion to modify or correct. *See Luna v. State*, Docket No. 45591 (Order of Affirmance, December 21, 2005). This court rejected that claim; therefore, this claim is barred by the doctrine of law of the case. *See Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798 (1995).

Based on the forgoing, we conclude that appellant failed to demonstrate good cause and prejudice to overcome the procedural bars, and he failed to overcome the presumption of prejudice to the State. Accordingly, the district court did not err in denying the petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

Although I would extend the equitable rule recognized in *Martinez* to this case because appellant was convicted of murder and is facing a severe sentence, *see Brown v. McDaniel*, 130 Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014) (Cherry, J., dissenting), I concur in the judgment on appeal in this case because the State pleaded laches under NRS 34.800(2) and appellant failed to rebut the presumption of prejudice to the State.

_____, J.
Cherry

cc:   Hon. Valorie J. Vega, District Judge
      Juan Manuel Luna
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk