An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

NINO LEE WILLIAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64297

**FILED**

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant was convicted pursuant to a guilty plea, adjudicated a habitual criminal, and sentenced to life in prison with the possibility of parole after 10 years for one count of burglary and to a concurrent term of 12 months for one count of possession of burglary tools. *Williams v. State*, Docket No. 56209 (Order of Affirmance, September 14, 2011).

Appellant filed his petition on May 22, 2012, and the district court denied it without appointing counsel or holding an evidentiary hearing. On appeal, this court affirmed the district court's decision as to all but one claim and remanded for an evidentiary hearing on appellant's claim that trial counsel was ineffective for advising appellant to reject an earlier, more favorable plea offer. *Williams v. State*, Docket No. 61739 (Order Affirming in Part, Reversing in Part and Remanding, May 13, 2013). The district court appointed counsel to represent appellant at the evidentiary hearing. After receiving testimony from both trial counsel and

14-30887

appellant, the district court again denied appellant's claim. This appeal followed.

Appellant argues that the district court erred in denying his claim that counsel was ineffective in advising him to reject an early plea offer. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant argues that counsel was ineffective for advising him to reject the earlier plea offer where counsel explained that it was not a good deal since appellant was eligible for probation. We conclude that the district court erred in finding that appellant failed to demonstrate that counsel's performance was deficient. Appellant demonstrated the underlying facts by a preponderance of the evidence.

Appellant demonstrated that the State initially offered a more favorable plea deal, which expired at the preliminary hearing. Appellant testified in accordance with his pleadings that the State's earlier plea offer

was for appellant to plead guilty to the burglary count in exchange for the State dismissing the possession-of-burglary-tools count and stipulating to a sentence of 5 to 12.5 years (consistent with an adjudication as a "small" habitual criminal pursuant to NRS 207.010(1)(a)). Counsel did not specifically recall the offer but testified that that would have been a standard offer under appellant's circumstances and that such an offer was usually withdrawn once a case was taken to a preliminary hearing. The State has not disputed this either below or on appeal.

Appellant also demonstrated that counsel suggested he reject the offer. Appellant testified in accordance with his pleadings that counsel said it was a "lousy" deal and that he should reject it because burglary was a probationable offense. Counsel could not specifically recall the conversations around the offer, but his testimony at the hearing leant support to appellant's claim. Counsel testified that he would not, at such an early stage in the proceedings, have talked with appellant about pleading "straight up" to the burglary, which the initial plea offer would have required. Counsel also testified that he would have discussed probation with appellant no matter the likelihood of it. Counsel's statements on the record at a January 26, 2010, pre-plea hearing also supported appellant's claim. There, he told the district court that he had hoped to negotiate the case to a reduced offense and only later learned that appellant could not get probation. Appellant thus demonstrated by a preponderance of the evidence that counsel advised him to reject the initial plea offer because the burglary offense was probationable.[1]

---

[1]The State concedes on appeal that counsel could have been ineffective if he knew of appellant's prior burglary convictions but still told appellant that his burglary charge was probationable. The State then

*continued on next page...*

Counsel's advice, based on his belief of appellant's probationability, was objectively unreasonable. Based on the crimes charged, appellant was not eligible for probation. Appellant was charged with one count of burglary and one count of possession of burglary tools. Because appellant had prior convictions for burglary, he was not eligible for probation on the burglary count. *See* NRS 205.060(2) ("A person who is convicted of burglary and who has previously been convicted of burglary. . . must not be released on probation."); NRS 176A.100(1)(a) (prohibiting the district court from granting probation where it has been expressly forbidden).[2]

---

...*continued*
argues that the district court found appellant's allegation that counsel would do so to be "incredible." This was not the district court's finding. Rather, the district court found it "incredible" that counsel would have promised appellant that he was going to get probation. We note that the record before this court demonstrates that appellant claimed only that counsel promised to *seek* probation.

The State points to language in appellant's motion to withdraw his guilty plea, filed six months after the instant petition, as support for its argument that counsel did not advise appellant to reject the plea. That language is unavailing because it was specific to the guilty plea that appellant did enter and was irrelevant to the one that he rejected, which is what is at issue in the instant appeal.

[2]The district court concluded that counsel was not deficient because the burglary was a probationable offense since the State had not pleaded the charge as a second-offense burglary and the sentencing court had not adjudicated it as such. The district court was in error. An information must contain only "a plain, concise and definite written statement of the essential facts constituting the offense charged." NRS 173.075(1). The fact or number of prior burglary convictions is not an element of the offense. *See* NRS 205.060(1); *cf.* NRS 484C.400(1)(c) (providing that an element of a felony charge of driving under the influence is two prior

*continued on next page...*

To the extent that the district court determined that counsel was not deficient because he reasonably hoped to get the State to agree to a probationable offense, the finding was not supported by the record. By the time of the evidentiary hearing, counsel could recall very little of the early negotiations and none of the details. However, statements he made less than two months after the preliminary hearing indicate that counsel had hoped for a plea offer to a reduced offense but that it was unreasonable. At that January 26, 2010, hearing, counsel admitted that he "hadn't noticed early on" that appellant had prior burglary convictions, that he missed that the State had never offered any plea except to habitual criminal treatment, and that "the DA was never going to agree to reduce[ ] it below a burglary." He also stated that this case had always been prosecuted by the prosecution's repeat-offenders unit, and he testified at the evidentiary hearing that that unit "would never agree to probation. They never do." Accordingly, based on what counsel knew or should have known at the time, he was objectively unreasonable in advising appellant to reject the earlier plea offer in the hopes that counsel could negotiate a plea offer for a probationable offense.

The district court's oral statements and written order indicate that its conclusion that appellant failed to demonstrate prejudice was based solely upon its erroneous conclusion that appellant failed to demonstrate deficiency. Further, there is conflicting evidence in the

---

...*continued*

offenses within seven years). Accordingly, the lack of a specific reference to prior convictions in the pleadings was irrelevant to whether appellant was eligible for probation. In this, the district court was correct in its October 9, 2012, order, in which it found that "[appellant's] offense was non-probational."

record as to whether appellant would have accepted the earlier plea offer but for counsel's deficient performance.[3] In light of the foregoing, we remand this case to the district court to make applicable findings of fact and to determine whether appellant demonstrated prejudice. Specifically, the district court shall determine whether appellant demonstrated "a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel[,] . . . the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it," and "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Missouri v. Frye*, 566 U.S. ___, ___, 132 S. Ct. 1399, 1409 (2012).

Appellant also argues that he did not enter his guilty plea knowingly or voluntarily. The law of the case is that appellant's guilty plea was valid and that the totality of the circumstances indicated that he understood the consequences of his plea. *Williams v. State*, Docket No. 61739 (Order Affirming in Part, Reversing in Part and Remanding, May 13, 2013). "The doctrine of the law of the case cannot be avoided by a more detailed and precisely focused argument subsequently made after reflection upon the previous proceedings." *Hall v. State*, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975).

---

[3]For example, appellant's statements from a pre-guilty-plea hearing suggested that he did not plead guilty because he felt that burglary should only be a category C felony and not a category B felony as charged by the State and required by statute. *See* NRS 205.060(b). However, at his evidentiary hearing, appellant steadfastly asserted that he would have accepted the earlier plea offer had he but known that probation was not an option.

 

Finally, appellant argues that the district court impermissibly interfered with plea negotiations in violation of *Cripps v. State*, 122 Nev. 764, 137 P.3d 1187 (2006). As this claim was not raised below, we need not consider it on appeal in the first instance. *Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004). Appellant's claim that the district court erred in denying his oral request to supplement his petition is of no avail as the statute authorizing the appointment of counsel does not require a motion on the part of counsel nor permission by the district court to file a supplemental petition within 30 days of appointment of counsel. NRS 34.750(3). Appellant did not allege, nor does the record demonstrate, that he attempted to file a supplemental petition.

For the foregoing reasons, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[4]This order constitutes our final disposition of this appeal. Any subsequent appeal shall be docketed as a new matter.

cc: Hon. Douglas W. Herndon, District Judge
Nguyen & Lay
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk