An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS J. BALBONI, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65372

**FILED**

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Appellant filed his petition on December 4, 2013, more 7 years after entry of the judgment of conviction on April 13, 2006.[2] Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition constituted an abuse of the writ as he raised claims

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]Appellant's notice of appeal from his judgment of conviction was dismissed by this court as untimely. *Balboni v. State*, Docket No. 50112 (Order Dismissing Appeal, September 25, 2007); *Balboni v. State*, Docket No. 59194 (Order Dismissing Appeal, October 3, 2011).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-00875

new and different from those raised in his previous petition.[3] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

First, appellant claimed that he has good cause to overcome the procedural bars because the State withheld a jail incident report that indicated he was taking medication. Appellant failed to demonstrate good cause or prejudice. While withholding of evidence may be good cause to overcome procedural bars, appellant failed to demonstrate that any evidence was withheld or that it was material. *See State v. Huebler*, 128 Nev. ___, ___, 275 P.3d 91, 95 (2012) (recognizing that a *Brady* claim raised in an untimely petition requires the petitioner to demonstrate that the State withheld evidence (to demonstrate cause) and to establish that the evidence was material (to demonstrate prejudice)). According to the jail incident report, appellant was the one who reported to the jail personnel that he was taking medication. Therefore, appellant was aware of the "material" evidence he claimed was withheld. Further, the jail incident report is for an incident that occurred after sentencing and he failed to demonstrate how his taking medication after sentencing was

---

[3]*Balboni v. Warden*, Docket No. 57262 (Order of Affirmance, June 8, 2011).

material to his case. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that the State withheld exculpatory evidence regarding the victim. Appellant failed to demonstrate good cause because he failed to demonstrate that this evidence was withheld. *See id.* Appellant has previously raised claims regarding the victim, her statements to police, and her possible recantations of the incident. Therefore, he failed to demonstrate that this evidence was withheld by the State, when he received the information, or why he could not have raised this good cause claim in his prior petition.[4] *Hathaway v. State,* 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Therefore, the district court did not err in denying this claim.

Third, appellant claimed that he had good cause because trial counsel failed to file an appeal from his judgment of conviction. Appellant failed to demonstrate good cause because he knew in 2007 that counsel did not file a direct appeal, and he previously filed a post-conviction petition in 2009 where he acknowledged that counsel did not file a direct appeal. Therefore, he failed to demonstrate good cause for the entire length of his delay. *Id.* at 254-55, 71 P.3d at 507-08. Accordingly, the district court did not err in denying this claim.

Finally, appellant claimed that he was actually innocent and that this would overcome the procedural bars. Appellant raised this exact

---

[4]*See Balboni v. Warden,* Docket No. 57262 (Order of Affirmance, June 8, 2011).

claim of actual innocence in his previous petition. *Balboni v. Warden*, Docket No. 57262 (Order of Affirmance, June 8, 2011). This court concluded that appellant failed to demonstrate actual innocence. Therefore, this claim was barred by the doctrine of law of the case. *See Hall v. State*, 91 Nev. 314, 535 P.2d 797 (1995).

Based on the foregoing, we conclude that appellant failed to demonstrate good cause and prejudice to overcome the procedural bars, and he failed to overcome the presumption of prejudice to the State. Accordingly, the district court did not err in denying the petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.[5]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[5]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Elliott A. Sattler, District Judge
Thomas J. Balboni, Jr.
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk