FRANKLIN L. HALL, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 7254

May 21, 1975                    535 P.2d 797

*Horace R. Goff,* State Public Defender, for 'Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, of Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was charged with murder in early 1965. Before his plea was entered, his counsel requested a psychiatric examination. Upon receipt of a verbal report from the examining psychiatrist, a plea of not guilty was entered. Shortly thereafter, appellant changed his plea to guilty of second degree murder. Sentencing was delayed so that the trial judge could obtain a written report from the examining psychiatrist. On May 21,

1965, the trial judge had the report and referred to it while imposing a sentence of not less than 10 nor more than 50 years in the Nevada State Prison.

In his petition for post-conviction relief appellant contended that his plea of guilty was involuntarily made because he was mentally incompetent at that time to enter such a plea, and that the trial court erred in its failure to hold an evidentiary hearing on the question of his competency. After a hearing, his petition for post-conviction relief was denied and this appeal ensued.

Although appellant has failed to comply with the provisions of NRS 177.335[1] and identify previous court proceedings taken by him to secure relief from his conviction and sentence, our records indicate that for the second time this matter is before us. A detailed recitation of the facts of this case together with an addendum of the transcript of the proceedings in district court at the time appellant was sentenced on May 21, 1965, appear in Hall v. Warden, 83 Nev. 446, 434 P.2d 425 (1967). When the matter was previously before us, one of the issues raised was the voluntariness of appellant's plea. Upon that record we determined that appellant's guilty plea was made as a result of the "intelligent application of his own will to the problem," and that "the record fails to support appellant's contention that his change of plea was not voluntarily made." 83 Nev. at 455, 456.

"The law of a first appeal is the law of the case on all subsequent appeals in which the facts are substantially the same." Walker v. State, 85 Nev. 337, 343, 455 P.2d 34 (1969); Graves v. State, 84 Nev. 262, 439 P.2d 476 (1968); State v. Loveless, 62 Nev. 312, 150 P.2d 1015 (1944).

Here, appellant attempts to revive the same issue presented in Hall v. Warden, supra. (More emphasis has now been placed upon the possibility of appellant's mental incapacity, but all witnesses at the hearing on this petition for post-conviction

---

[1]NRS 177.335: "The petition shall identify the proceedings in which the petitioner was convicted, give the date of the entry of the final judgment complained of and clearly set forth the respects in which the petitioner's constitutional rights were violated. Affidavits, records or other evidence supporting its allegations shall be attached to the petition unless the petition recites why they are not attached. The petition shall identify any previous state or federal court proceedings taken by the petitioner to secure relief from his conviction or sentence. Argument, citations and discussion of authorities are unnecessary."

relief, including the psychiatrist, testified that he was competent at the time he entered his guilty plea.) The doctrine of the law of the case cannot be avoided by a more detailed and precisely focused argument subsequently made after reflection upon the previous proceedings.

The order of the district court is affirmed.