An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MAURY A. SINGER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61994

FILED

JUN 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Appellant filed his petition on July 25, 2012, nearly 23 years after issuance of the remittitur on direct appeal on November 29, 1989. *Singer v. State*, Docket No. 19407 (Order Dismissing Appeal, October 24, 1989). Thus, appellant's petition was untimely filed.[2] *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed five post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]Appellant's petition was also untimely from the January 1, 1993, effective date of NRS 34.726. *See* 1991 Nev. Stat., ch. 44, § 5, at 75-76; 1991 Nev. Stat., ch. 44, § 32, at 92.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17378

from those raised in his previous petitions.[3] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2). Based upon our review of the record on appeal, we conclude that the district court did not err in denying the petition as procedurally barred for the reasons discussed below.

In an attempt to overcome the procedural bars, appellant claimed that he had new evidence, not presented to the jury, that demonstrated that he was actually innocent. Appellant claimed, based on an article in the Las Vegas Review Journal, that the DNA evidence used at his trial may have been tainted because a DNA technician made an error in another case. Appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996).

Appellant also claimed that he was actually innocent because a witness recanted his testimony. This court has previously rejected this

---

[3]*Singer v State*, Docket No. 23916 (Order Dismissing Appeal, July 28, 1995); *Singer v. State*, Docket Nos. 29029, 29547, 29910 (Order Dismissing Appeals and Denying Petition for Rehearing or Clarification, February 24, 1998); *Singer v. State*, Docket No. 38561 (Order of Affirmance, June 27, 2002); *Singer v. State*, Docket No. 47725 (Order of Affirmance, December 21, 2006).

(O) 1947A

claim, *Singer v State*, Docket No. 23916 (Order Dismissing Appeal, July 28, 1995); *Singer v. State*, Docket Nos. 29029, 29547, 29910 (Order Dismissing Appeals and Denying Petition for Rehearing or Clarification, February 24, 1998); *Singer v. State*, Docket No. 38561 (Order of Affirmance, June 27, 2002), and further litigation of this claim is barred by the doctrine of law of the case. *Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975). We therefore conclude that the district court did not err in denying appellant's petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. James M. Bixler, District Judge
Maury A. Singer
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[4]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.