An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRANDON POTTS A/K/A BRANDON A. POTTS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62555

**FILED**

JUL 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of DUI causing substantial bodily harm. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant Brandon Potts contends that the district court erred by denying his motion to dismiss or alternatively to suppress inculpatory statements made to the investigating officer.[1] Potts claims that he was subject to a custodial interrogation without being advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), thus "warranting suppression of all evidence and 'fruits' thereby." Potts concedes that we previously addressed and resolved this issue, *see Potts v. Eighth Judicial Dist. Court*, Docket No. 61511 (Order Denying Petition, September 13, 2012), but states that he raised this issue on appeal "out of an 'abundance of caution' regarding the state exhaustion doctrine for federal relief."

---

[1]Potts titled his pleading, "Motion to Dismiss the Indictment Because Probable Cause was Based on Information Obtained in Violation of *Miranda* or in the Alternative a Motion to Suppress Statements (and its Functional Equivalent) Made in Violation of *Miranda*." Pursuant to the plea agreement, Potts preserved the right to challenge the district court's denial of his motion on appeal. *See* NRS 174.035(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21409

We rejected Potts' claim that the district court erred by denying his motion to dismiss and/or suppress when we considered his original petition for a writ of habeas corpus filed in this court prior to the entry of his guilty plea. We previously held that "[c]onsidering the totality of the circumstances, . . . Potts was not subjected to a custodial interrogation triggering the requirements under *Miranda*," *see Somee v. State*, 124 Nev. 434, 444-45, 187 P.3d 152, 159-60 (2008); *Holyfield v. State*, 101 Nev. 793, 797, 711 P.2d 834, 836 (1985), *abrogated on other grounds by Illinois v. Perkins*, 496 U.S., 292 (1990), and that "[e]ven assuming that Potts was in custody, his statements and participation in field sobriety tests were not accomplished in the context of an interrogation under *Miranda. Dixon v. State*, 103 Nev. 272, 274, 737 P.2d 1162, 1164 (1987)." *Potts*, Docket No. 61511 (Order Denying Petition at 2-3). We conclude that the law-of-the-case doctrine precludes further litigation of this same issue. *See Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975); *see also Tien Fu Hsu v. County of Clark*, 123 Nev. 625, 630, 173 P.3d 724, 728-29 (2007) (observing that this court may "'depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice'" (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983))). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.        _____, J.
Parraguirre                                          Cherry

cc: Hon. David B. Barker, District Judge
Law Offices of John G. Watkins
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk