An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BENJARDI BATUCAN VIRAY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62836

**FILED**

OCT 16 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Appellant filed his petition on October 3, 2012, over 7 years after issuance of the remittitur on direct appeal on June 21, 2005. *Viray v. State*, 121 Nev. 159, 111 P.3d 1079 (2005). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed two post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-31021

raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

In an attempt to demonstrate good cause, appellant claimed that he did not have access to his entire case file or the complete trial transcripts when he filed his first petition. This good-cause claim was previously raised and rejected by this court in *Viray v. State*, Docket No. 54255 (Order of Affirmance, May 7, 2010), and the doctrine of law of the case prevents further litigation of this issue. *See Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975). Therefore, the district court did not err in denying this good-cause claim.

In an attempt to overcome the procedural bars and the presumption of prejudice to the State, appellant claimed that he was actually innocent. Appellant failed to demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34

---

[2]*Viray v. State*, Docket No. 54255 (Order of Affirmance, May 7, 2010); *Viray v. State*, Docket No. 47804 (Order of Affirmance, June 1, 2007).

P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). We therefore conclude that the district court did not err in denying appellant's petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Jessie Elizabeth Walsh, District Judge
       Benjardi Batucan Viray
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.