An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ROGER WILLIAM HULL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62954

**FILED**

OCT 16 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Appellant filed his petition on November 16, 2012, more than nine years after issuance of the remittitur on direct appeal on April 8, 2003. *Hull v. State*, Docket No. 37953 (Order of Affirmance, January 31, 2003). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed two post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as a number of his claims were new and different from those raised in his previous petitions.[2] *See* NRS

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Hull v. State*, Docket No. 44376 (Order of Affirmance, September 14, 2005); *Hull v. State*, Docket No. 50840 (Order of Affirmance, May 15, 2008).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-30971

34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

Appellant first claimed that the procedural bars did not apply because the district court did not have jurisdiction to convict him because the laws reproduced in the Nevada Revised Statutes did not contain an enacting clause as required by the Nevada Constitution. Nev. Const. art. 4, § 23. Appellant's claim was without merit. Appellant's claim did not implicate the jurisdiction of the courts. Nev. Const. art. 6, § 6; NRS 171.010. Moreover, the Statutes of Nevada contain the laws with the enacting clauses required by the constitution. The Nevada Revised Statutes reproduce those laws as classified, codified, and annotated by the Legislative Counsel. NRS 220.120.

Second, appellant claimed that he had good cause because he was immune from prosecution due to NRS 432B.160, which grants immunity to persons reporting child abuse or neglect. This claim cannot constitute good cause as appellant raised this issue in a previous petition and this court rejected that claim. *Hull v. State*, Docket No. 44376 (Order of Affirmance September 14, 2005). The doctrine of law of the case prevents further litigation of this claim and "cannot be avoided by a more detailed and precisely focused argument." *Hall v. State*, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975).

Third, appellant claimed that he suffers from a fundamental miscarriage of justice. Appellant did not demonstrate a fundamental miscarriage of justice because he failed to show that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting

*Schlup v. Delo*, 513 U.S. 298, 327 (1995)); see also *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). We therefore conclude that the district court did not err in denying appellant's petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Janet J. Berry, District Judge
       Roger William Hull
       Attorney General/Carson City
       Washoe County District Attorney
       Second District Court Clerk

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

