An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID THOMAS WARREN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64192

**FILED**

APR 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

In his petition filed on August 1, 2012, appellant claimed: (1) his constitutional rights, secured by the Ninth Amendment of the United States Constitution, were abridged due to an illegal stop, search, and seizure and false charge of driving under the influence causing death or substantial bodily harm; (2) his constitutional rights under the Tenth Amendment were infringed when he was convicted of driving under the influence because his actions affected only himself; (3) he was denied the right to the free exercise of religion when he was convicted of driving under the influence because his actions affected only himself and he should not be judged or punished by the moral standards of the majority; (4) he was subjected to an unreasonable stop, search, and seizure in

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11573

violation of the Fourth Amendment; (5) his right to be free from double jeopardy was violated because prior convictions were used to enhance his sentence; (6) his Fourth and Fifth Amendment rights were violated when he was required to provide a blood sample; (7) his speedy trial rights were violated; (8) he was denied the right to an impartial jury because the jury was only allowed to decide issues of fact and not allowed to decide issues of law; (9) the court was biased and gave preferential treatment to the prosecution; (10) the charging information was not sufficient; (11) the State failed to inform him of a second criminal complaint causing him to be subject to a warrant and arrest; (12) the State failed to present an expert witness at the preliminary hearing and instead relied upon an affidavit; (13) his right under the Seventh Amendment of the United States Constitution to the protection of Anglo-Saxon common law, as opposed to British case law, was infringed when he was convicted of driving under the influence because no one else was harmed by his actions; (14) his bail was set in an excessive amount; (15) his fine of $2000 was excessive under the Eighth Amendment; (16) he was subject to cruel and unusual punishment because he was sentenced to prison for a crime when no one was injured and because the court ordered an ignition-interlock device on his personal automobile; (17) the arresting officer made a false statement in the booking documents that he had caused a death or substantial bodily harm; (18) the arresting officer perjured himself about when he conducted the license plate query; (19) the State wrongly filed a second criminal complaint after it had dismissed the first criminal complaint; (20) evidence was improperly used because it had been gathered for the false charge of driving under the influence causing death or substantial bodily injury; (21) the State used his silence as evidence of

guilt; (22) he was not provided adequate time to or conditions in which to prepare for the sentencing hearing as he was only given the presentence investigation report one hour before sentencing and then only when he was in restraints and without a table or writing instruments; (23) he was denied the right to confront the author of the presentence investigation report; (24) the presentence investigation report contained a number of inaccuracies; (25) the judgment of conviction was not filed within the time allowed by NRAP 4(b)(5); (26) the judgment of conviction contains errors; (27) he was denied credit for time spent on house arrest; and (28) the judgment of conviction was not served on appellant. These claims were waived as they could have been raised on direct appeal, and appellant failed to demonstrate good cause for his failure to do so and actual prejudice. *See* NRS 34.810(1)(b), (3). Therefore the district court did not err in denying these claims.

Next, appellant claimed: (1) his proposed jury instructions were erroneously rejected; (2) he was denied discovery material in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (3) he was not permitted to read a prepared statement at sentencing. These claims were considered and rejected on direct appeal. *See Warren v. State,* Docket No. 60126 (Order of Affirmance, July 23, 2013). The doctrine of the law of the case prevents further litigation of these issues. *See Hall v. State*, 91 Nev. 314, 535 P.2d 797 (1975). Therefore, the district court did not err in denying these claims.

Next, appellant claimed that this court erred in not allowing him to represent himself on direct appeal. This claim was improperly raised in a post-conviction petition for a writ of habeas corpus as it does not challenge the validity of the judgment of conviction or sentence. *See*

NRS 34.724(1). Further, this claim improperly calls for a lower court to review a decision of this court. Therefore, we conclude that the district court did not err in denying this claim.

Finally, appellant claimed: (1) he was forced to contract with a towing company and an ignition-interlock-device company in violation of his constitutional rights; (2) his reputation was harmed by the false charge and its inclusion in SCOPE and police reports; and (3) he was denied adequate access to the law library, legal aid, and the clerk of the court after trial. These claims do not challenge the validity of the judgment of conviction or sentence, and therefore, they are not properly brought in a post-conviction petition for a writ of habeas corpus. *See* NRS 34.724(1). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Valorie J. Vega, District Judge
       David Thomas Warren
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

