An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD WILLIAM MARTIN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64912

**FILED**

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

In his appeal from the denial of his petition filed on January 12, 2007, appellant claims that the district court erred in denying several of his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984); *Warden v. Lyons,* 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland,* 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State,* 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30860

the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claims that his trial counsel was ineffective for failing to hire and present an accident-reconstruction expert to testify that the crash was an accident. In support, appellant presented a report and testimony from an accident-reconstruction expert that the crash could have been the result of overcorrection of the vehicle after it left the roadway to pass another vehicle. Substantial evidence supports the district court's decision to deny this claim. First, the opinion of the expert that the accident could have been caused by overcorrection, although based on his experience, was speculative as he admitted at the evidentiary hearing that there was no independent evidentiary support for his opinion regarding the cause of the crash. More importantly, the overcorrection-theory was contrary to appellant's own testimony at trial that the vehicle crashed after the victim grabbed the steering wheel. Trial counsel is not deficient for failing to present an expert that would have contradicted the testimony of his client. In light of the evidence presented at trial from the witnesses and the victim, appellant fails to demonstrate that there was a reasonable probability of a different outcome had trial counsel hired and presented an accident-reconstruction expert. Therefore, we conclude that the district court did not err in denying this claim.

Next, appellant claims that his trial counsel was ineffective for failing to present an expert in the locking mechanism of the Honda vehicle and for failing to ask the victim why she did not exit the vehicle after appellant drove her away from the store. Appellant argues that trial counsel would have been able to negate the kidnapping charge had this evidence been presented and more questions been asked at trial.

Appellant fails to demonstrate that his counsel was ineffective. The elements of kidnapping were established when appellant, willfully and without lawful authority, forced his wife into the vehicle and drove away from the store for the purpose of detaining her.[1] *See* NRS 200.310(2) (setting forth the elements of second degree kidnapping). The fact that the lock could have been manually disengaged or that there were stop signs and traffic lights that may have halted the vehicle's journey temporarily does not negate the fact that the crime of kidnapping had been committed when appellant drove away. Thus, appellant failed to demonstrate that his trial counsel's performance was deficient or that there was a reasonable probability of a different outcome had trial counsel presented an expert or questioned the victim about her ability to leave the vehicle. Therefore, we conclude that the district court did not err in denying these claims.

Finally, appellant argues that the district court erred in denying his claim that he was incompetent at the time of trial. First, we note that this claim was subject to the mandatory procedural bar of NRS 34.810(1)(b) because it was a claim that could have been raised on direct

---

[1]We note that the victim testified that after he forced her into the vehicle he stood by the passenger door, and when she tried to climb over the center console to leave by the driver side door, he ran to that door and entered the vehicle. She moved back to the passenger seat and reached for the handle, but appellant subsequently engaged the door locks for the vehicle so that she, in her own words, "couldn't get out." We further note that there was not any testimony that the victim knew that she could manually unlock the door or that appellant stopped at any designated traffic device before entering I-80. The jury was presented with testimony that the victim was able to exit the vehicle after the crash.

appeal.[2] And we note that appellant had in fact unsuccessfully challenged a pretrial competency decision on direct appeal. *Martin v. State*, Docket No. 47037 (Order of Affirmance, November 13, 2006). The doctrine of the law of the case prevents further litigation of this issue and cannot be avoided based upon a more detailed and precisely focused argument. *See Hall v. State*, 91 Nev. 314, 535 P.2d 797 (1975). In raising his competency claim again, appellant made no cogent or compelling argument below that the court should not foreclose his claim based upon the doctrine of the law of the case. Even assuming that appellant had demonstrated good cause or argued that he could overcome the doctrine of the law of the case because of substantially new or different evidence discovered, *see Hsu v. County of Clark*, 123 Nev. 625, 630, 173 P.3d 724, 729 (2007), substantial evidence supports the district court's decision that appellant was competent at the time of the trial—he understood the nature of the charges and proceedings and was able to assist counsel. *See* NRS 178.400(2); *Melchor-Gloria v. State*, 99 Nev. 174, 180, 600 P.2d 109, 113 (1983); *see also Dusky v. United States*, 362 U.S. 402 (1960). The district court considered the various mental health evaluations and mental health hearings and determined that the evaluations of the doctors who found appellant competent at the time of the trial proceedings carried more weight than evaluations done years after the trial had concluded. We defer to this finding. Further, the doctors who evaluated appellant at the time of trial were aware of his medications as those medications are referenced in their reports. The fact that appellant did not present well in

---

[2]Although appellant appeared to raise this claim under the umbrella of ineffective assistance of counsel in the amended petition, appellant fails to do so on appeal to this court.

front of the jury is not a demonstration of incompetence under the legal definition of incompetence. Therefore, we conclude that the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Lidia Stiglich, District Judge
       Mary Lou Wilson
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk