An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

WILL HENRY HARLAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66250

**FILED**

NOV 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

In his petition filed on May 7, 2014, appellant claimed that the State presented insufficient evidence at the preliminary hearing to warrant the bindover to district court on the charges of open murder with the use of a deadly weapon and robbery with the use of a deadly weapon. This claim falls outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction based upon a guilty plea. See NRS 34.810(1)(a). Furthermore, appellant raised this argument on direct appeal and this court rejected it, concluding that appellant waived this claim when he entered his *Alford*[2] plea.

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See *Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*North Carolina v. Alford*, 400 U.S. 25 (1970).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37396

*Harlan v. State*, Docket No. 62263 (Order of Affirmance, November 13, 2013). Thus, this claim is barred by the doctrine of the law of the case. *Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975). Accordingly, the district court did not err in denying it.

Next, appellant claimed that his guilty plea was unknowing and involuntary due to ineffective assistance of counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

Appellant claimed that counsel was ineffective for failing to provide him with an autopsy report and for failing to investigate gunshot residue before he pleaded guilty. He asserted that the autopsy report supported a theory of self-defense because it indicated an upward trajectory of the bullet into the deceased victim's body, whereas counsel told him that the bullet trajectory was downward and did not support a theory of self-defense. Appellant's claim regarding the autopsy report is barred by the doctrine of the law of the case, as this court has already rejected appellant's contention that counsel did not provide or discuss the autopsy report before entry of the guilty plea. *Harlan v. State*, Docket No. 62263 (Order of Affirmance, November 13, 2013). As to appellant's claim regarding gunshot residue, appellant failed to demonstrate deficiency or

prejudice. He claimed that counsel should have tested the injured victim's hat for gunshot residue because the presence of gunshot residue would have shown that the victim was close to him when the gun was fired, and that counsel should have tested a scratch mark on the ground to determine whether the scratch was made by a bullet. However, the presence of gunshot residue would not have been favorable to appellant given the victim's preliminary hearing testimony that the victim was close to appellant when the gun was fired and was likely hit on the head by the gun, and appellant did not explain how the presence of gunshot residue on the scratch mark would have impacted his decision to enter a plea. Therefore, the district court did not err in denying these claims.

Appellant also claimed that counsel failed to "produce findings made by Special Public Defender office, expert witness" and failed to "follow up on first Habeas Corpus denial." Appellant failed to demonstrate deficiency or prejudice, as his claims were bare and naked. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Therefore, the district court did not err in denying these claims.

Next, appellant claimed that the district court was biased and unable to be impartial in ruling on the presentence motion to withdraw his guilty plea because the district court improperly participated in the plea negotiations. This claim was outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction arising from a guilty plea. *See* NRS 34.810(1)(a). To the extent that appellant claimed that his guilty plea was not freely entered because of the district court's involvement in the plea negotiations, this claim is belied by the record because there was no improper involvement

by the district court. Therefore, the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Douglas W. Herndon, District Judge
Will Henry Harlan
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk