An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH M. CARPINO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66756

**FILED**

FEB 1 2 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Appellant Joseph M. Carpino filed his petition on May 28, 2014, twenty-five years after issuance of the remittitur on his direct appeal on January 18, 1989. *Carpino v. State*, Docket No. 19004 (Order Dismissing Appeal, December 27, 1988). Thus, his petition was untimely filed. *See* NRS 34.726(1). Moreover, his petition was successive because he had previously filed two post-conviction petitions for a writ of habeas corpus and was an abuse of the writ because he raised claims new and different from those raised in his previous petitions. *See* NRS 34.810(1)(b)(2), (2). Carpino's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b), (3). Further, because the State specifically pleaded laches, Carpino was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Carpino argued that this court's decisions in *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000), and *Garner v. State*, 116 Nev. 770, 6 P.3d 1013 (2000), and the Ninth Circuit Court of Appeals decisions in *Polk*

SUPREME COURT
OF
NEVADA

(O) 1947A

15-04687

*v. Sandoval*, 503 F.3d 903 (9th Cir. 2007), and *Chambers v. McDaniel*, 549 F.3d 1191 (9th. Cir. 2008), provided good cause to excuse the procedural bars to his claims regarding his first-degree-murder jury instructions. *But see Nika v. State*, 124 Nev. 1272, 1289, 198 P.3d 839, 851 (2008) (holding that using the *Kazalyn*[1] instruction prior to *Byford* was not error because the instruction correctly stated Nevada law in effect at the time). This court has already held that *Byford, Polk*, and *Chambers* do not constitute good cause to overcome appellant's procedural bars. *Carpino v. State*, Docket No. 54500 (Order of Affirmance, June 9, 2010). That holding is the law of the case and "cannot be avoided by a more detailed and precisely focused argument subsequently made after reflection upon the previous proceedings." *Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975).[2] Further, Carpino filed this petition fourteen years after *Byford* and seven years after *Polk*. Accordingly, Carpino has failed to demonstrate good cause to overcome the procedural bar. NRS 34.726(1).

Additionally, Carpino's actual innocence argument lacks merit because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (internal quotation marks

---

[1]108 Nev. 67, 825 P.2d 578 (1992), *receded from by Byford*, 116 Nev. at 236-37, 994 P.2d at 714.

[2]Carpino fails to acknowledge that this court has already rejected his argument for ineffective assistance of counsel because the instruction was not error. *Carpino v. State*, Docket No. 54500 (Order of Affirmance, June 9, 2010); *see Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (holding that an ineffective assistance of counsel claim requires, in part, that counsel's conduct was deficient); *Nika*, 124 Nev. at 1289, 198 P.3d at 851.

omitted); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). Carpino has not presented new evidence or any support for his assertion of actual innocence. Moreover, he has failed to overcome the presumption of prejudice to the State pursuant to NRS 34.800(2). We therefore conclude that the district court did not err in denying Carpino's petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____ J.
Gibbons

_____, J.
Pickering

cc:  Eighth Judicial District Court Dept. 20
     Joseph M. Carpino
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk