# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM MITCHELL BELL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72028

FILED

JUL 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; J. Charles Thompson, Senior Judge. Having considered appellant William Bell's informal brief and the record, we affirm.[1]

Bell was convicted, pursuant to a guilty plea, of second-degree murder and was sentenced to life in prison with the possibility of parole after 10 years. The judgment of conviction was entered in February 2007.

---

[1]We conclude that a response to the informal brief is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3). We have considered the pro se "amendments" filed on April 19, 2017, and May 25, 2017, except as to any matters that are raised therein for the first time on appeal.

17-23023

Bell did not file a direct appeal. He filed a pro se postconviction petition for a writ of habeas corpus on November 20, 2010. The district court denied the petition under NRS 34.726 because it was filed more than one year after entry of the judgment of conviction and Bell had not demonstrated good cause and prejudice and because Bell's assertion of actual innocence to excuse the procedural default lacked merit. This court affirmed that decision. *Bell v. State*, No. 57831 (Order of Affirmance, September 15, 2011). Bell filed another pro se postconviction petition for a writ of habeas corpus on June 19, 2015. The district court denied the petition as procedurally barred in an order entered on November 23, 2015. Bell did not appeal from that decision. He then filed another pro se postconviction petition for a writ of habeas corpus on July 8, 2016. The district court denied the petition as procedurally barred, referring to NRS 34.726, NRS 34.800, and NRS 34.810. This appeal followed.

Bell filed his petition more than nine years after entry of the judgment of conviction. Thus, the petition was untimely filed. NRS 34.726(1). As such, the petition was procedurally barred absent a demonstration of good cause and prejudice. *Id.* Absent a showing of good cause, Bell had to demonstrate that the failure to consider his petition on the merits would result in a fundamental miscarriage of justice because he is actually innocent. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). Further, because the State specifically pleaded laches, Bell had to overcome the presumption of prejudice to the State, *see* NRS 34.800(2), by showing that the petition was based on grounds that could not have been discovered earlier through the exercise of reasonable

diligence and that there had been a fundamental miscarriage of justice, *see* NRS 34.800(1).

To the extent that Bell asserts that he had good cause for the delay in filing his petition because he is illiterate and a paranoid schizophrenic, this court previously determined that those allegations did not demonstrate good cause for the delay in filing his first petition.[2] *Bell v. State*, No. 57831 (Order of Affirmance, September 15, 2011). That decision is the law of the case as to those allegations of good cause. *See Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975).

Bell also did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (discussing actual innocence in context of guilty plea). The evidence that Bell identifies as establishing that the killing was accidental was available before he pleaded guilty and is not such that no reasonable juror would

---

[2]We note that the record includes a competency evaluation obtained by trial counsel in April 2006. The psychologist who completed that evaluation opined that Bell was competent to stand trial despite his illiteracy and prior diagnosis of paranoid schizophrenia. The record also shows that trial counsel investigated Bell's account of the events leading up to the shooting and filed motions to suppress evidence and Bell's statements.

have convicted him. We therefore conclude that the district court did not err in denying the petition.[3] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Chief Judge, Eighth Judicial District Court
      Hon. J. Charles Thompson, Senior Judge
      William Mitchell Bell
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[3]The allegations in the petition filed below that Bell is being held unlawfully are belied by the record, which shows that there was a probable cause determination following a preliminary hearing at which the State presented slight or marginal evidence to support the charges in the criminal complaint, that Bell entered a guilty plea to second-degree murder, and that the district court entered a judgment of conviction reflecting the offense and the sentence.