# IN THE SUPREME COURT OF THE STATE OF NEVADA

SHERRI LOVE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70876

FILED

JUL 27 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Sherri Love's October 13, 2011, postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge. Love argues that the district court erred in denying her claims of ineffective assistance of trial and appellate counsel. We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance

17-25011

and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690.

Love first argues that trial and appellate counsel should have challenged a jury instruction regarding felony murder.[1] Despite the presumption that counsel rendered effective assistance, Love failed to ask trial counsel any questions at the evidentiary hearing regarding counsel's decision not to object to the jury instruction, and Love failed to call appellate counsel to testify at the evidentiary hearing. Accordingly, we conclude that Love has failed to demonstrate that counsel's performance was objectively unreasonable. Further, Love's reliance on *Collman v. State*, 116 Nev. 687, 7 P.3d 426 (2000), to support her argument that the jury instruction eliminated the State's burden to prove malice aforethought is misplaced where that opinion declined to address child abuse as a basis for felony murder, *id.* at 719, 7 P.3d at 447. We therefore conclude that the district court did not err in denying this claim.

---

[1]Love was charged with first-degree murder under alternate theories of liability: (1) premeditation and deliberation and/or (2) felony murder (child abuse). Jury instruction no. 10 advised the jury as follows:

> There is a kind of murder which carries with it conclusive evidence of premeditation and malice aforethought. This class of murder is murder committed in the perpetration or attempted perpetration of child abuse. Therefore, a killing which is committed in the perpetration of such a child abuse is deemed to be Murder of the First Degree, whether the killing was intentional or unintentional.

> For purposes of the murder charge, "Child abuse" means physical injury of a nonaccidental nature to a child under the age of 18 years.

Love next argues that trial counsel should have requested a hearing pursuant to *Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985), to determine the admissibility of a statement purportedly made by the victim's father that Love had previously threatened to kill their children. Love again failed to ask trial counsel any questions at the evidentiary hearing regarding this claim. Further, Love points to no evidence that counsel were aware of the statement before the State asked the father about it at trial, and counsel did unsuccessfully object to the State's question. Accordingly, Love has not demonstrated that counsel was deficient, and we therefore conclude that the district court did not err in denying this claim.[2]

Finally, Love argues that trial counsel should have consulted and called as a witness a psychiatrist who could have testified that she "had operated under a cognitive impairment equal to a delusional state," thereby supporting her insanity defense. In support of Love's theory of defense, counsel presented the expert testimony of a doctor who specialized in addiction and a psychologist. Counsel conceded that "in hindsight" she would not have called the psychologist, but any scrutiny of counsel's actions must be made without "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Further, counsel also testified

_____

[2]The district court concluded that Love's claim was barred by the doctrine of the law of the case. *See Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975) ("The law of a first appeal is the law of the case on all subsequent appeals in which the facts are substantially the same." (quotation marks omitted)). This court did not rule on any ineffective-assistance-of-counsel claims in Love's direct appeal from her judgment of conviction, *see Love v. State*, Docket No. 52403 (Order of Affirmance, May 28, 2010), and accordingly, any such claim is not barred by the law of the case.

that she was limited by the district court's evidentiary rulings and could not think of anything further she could have done. We conclude that Love did not establish deficient performance, and therefore, the district court did not err in denying this claim.

Having reviewed Love's claims and concluded they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. Kathleen E. Delaney, District Judge
        Oronoz, Ericsson & Gaffney, LLC
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk