# IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIC SHAWN ORDUNA,
Appellant,
vs.
WILLIAM A. GITTERE, WARDEN ELY
STATE PRISON; AND THE STATE OF
NEVADA,
Respondents.

No. 79060

FILED

JUL 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant claimed that his due process rights were violated because he was not given adequate time to consider a plea offer and should have been allowed to withdraw his plea before sentencing. Appellant also claimed that his equal protection rights were violated. These claims fell outside the narrow scope of claims permissible in a postconviction petition for a writ of habeas corpus challenging a judgment of conviction based on a guilty plea. *See* NRS 34.810(1)(a). Further, as a separate and independent ground to deny relief, the Court of Appeals considered and rejected appellant's challenge to the denial of his presentence motion to withdraw a guilty plea on direct appeal. *Orduna v. State*, Docket No. 73590-COA (Order of Affirmance, September 26, 2018). The doctrine of the law of the case

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

20-26117

prevents further litigation of this issue and cannot be avoided by a more detailed and precisely focused argument. *See Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975). And appellant failed to provide specific facts in support of his equal-protection claim, which provides an independent basis to deny this claim. Therefore, the district court did not err in denying these claims.

Next, appellant claimed that his trial counsel were ineffective because they did not seek a continuance for him to consider the State's plea offer made on the first day of trial. He further claims that counsel lacked the necessary discovery to provide advice about the plea offer and did not protect his equal protection rights. Appellant fails to demonstrate deficient performance or prejudice. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (requiring a petitioner to demonstrate that trial counsel's performance was deficient and prejudice such that there is a reasonable probability that appellant would not have entered the guilty plea but for counsel's error); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Appellant was able to meet with counsel and discuss the plea offer for approximately 30 minutes. Trial counsel testified at the evidentiary hearing on the presentence motion to withdraw the guilty plea that more time was requested but the State refused to extend the time in which to accept the offer. There was no basis for the district court to grant a motion to continue as the State is not required to give additional time for a defendant to consider a plea offer. Trial counsel further testified at the earlier evidentiary hearing that they were prepared for trial if appellant had not accepted the plea offer. Appellant has not explained how his equal protection rights were violated or what actions counsel should have taken

to protect them. Therefore, we conclude that the district court did not err in denying this claim.[2]

Finally, appellant argues that the district court erred in denying his request to appoint counsel or conduct an evidentiary hearing. We conclude that the district court did not abuse its discretion because the issues presented were not complex and he did not raise any claims in the district court requiring the development of facts outside the record. NRS 34.750(1). An evidentiary hearing was not required because the claims were not supported by specific facts that, if true, would have entitled appellant to relief. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ , C.J.
Pickering

_____ , J.        _____ , J.
Gibbons                                 Stiglich

cc:     Hon. Michael Villani, District Judge
        Eric Shawn Orduna
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[2]To the extent that appellant claimed trial counsel did not adequately investigate the case, negotiated plea offers without his knowledge, and failed to obtain a psychological evaluation, these claims were not raised below, and we decline to consider them in the first instance. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 103 P.3d 25 (2004).