IN THE SUPREME COURT OF THE STATE OF NEVADA

LUIS AURELIO URENDA-BUSTOS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79640

FILED

FEB 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge. Luis Aurelio Urenda-Bustos argues that the district court erred in denying his petition as procedurally barred. We affirm.

Urenda-Bustos filed the petition six years after remittitur issued on his direct appeal. *Urenda-Bustos v. State*, Docket No. 59946 (Order of Affirmance, April 9, 2013). Thus, his petition was untimely filed. *See* NRS 34.726(1). The petition was also successive because he had previously litigated a postconviction petition for a writ of habeas corpus in which he asserted a similar claim for relief. *See* NRS 34.810(1)(b)(2); NRS 34.810(2); *Urenda-Bustos v. State*, Docket No. 72615 (Order of Affirmance, May 15, 2018). Urenda-Bustos's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Good cause may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to be raised in a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Further, as the State specifically pleaded laches, Urenda-Bustos

21-04487

was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

Urenda-Bustos argues that the United States Supreme Court's decision in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), provides good cause because trial counsel conceded his guilt without his informed consent. He is mistaken, as this court previously determined that Urenda-Bustos's case was distinguishable from *McCoy* because he was canvassed on the concession strategy and consented. *Urenda-Bustos*, Docket No. 72615, Order of Affirmance at 6 n.3; *see also McCoy*, 138 S. Ct. at 1509 (holding that an attorney may not concede a defendant's guilt where the defendant expressly objects or insists on maintaining his or her innocence). That determination is the law of the case. *Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975) (holding that "[t]he law of a first appeal is the law of the case on all subsequent appeals in which the facts are substantially the same" and that "[t]he doctrine of the law of the case cannot be avoided by a more detailed and precisely focused argument" in later proceedings).

Moreover, *McCoy* does not provide good cause because it is distinguishable. *McCoy* held that an attorney may not concede guilt of a charged crime over a defendant's express objection. 138 S. Ct. at 1509. *McCoy* differentiated a defendant who opposed counsel's concession from a defendant who "'was generally unresponsive' during discussions of trial strategy, and 'never verbally approved or protested'" the concession strategy. *Id.* (quoting *Florida v. Nixon*, 543 U.S. 175, 181 (2004)). *McCoy* did not hold that a defendant must expressly consent to a concession or that a canvass must precede a concession. *See id.* Here, trial counsel conceded several of the charges and contested the others. The district court canvassed Urenda-Bustos on this strategy, and he acknowledged that he

SUPREME COURT
OF
NEVADA

(O) 1947A

and counsel discussed the strategy before trial and that he accepted it. Because *McCoy* is distinguishable, we need not resolve Urenda-Bustos's argument that *McCoy* applies retroactively. Accordingly, Urenda-Bustos has not shown that *McCoy* provides good cause.[1]

Urenda-Bustos has further not demonstrated the district court erred in determining the petition was barred by laches. The State sufficiently pleaded laches, and prejudice was presumed based on the more-than-five-year period from the decision on direct appeal. NRS 34.800(2). Urenda-Bustos has not overcome the presumption of prejudice to the State. *See* NRS 34.800 (requiring a petitioner to demonstrate a fundamental miscarriage of justice when the State is prejudiced in its ability to conduct a retrial and lack of knowledge or exercise of reasonable diligence when the State is prejudiced in responding to the petition); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001) (recognizing that fundamental miscarriage of justice requires a showing of actual innocence).

We conclude that the district court correctly applied the mandatory procedural bars and did not err in determining the petition was barred by laches. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 233, 112 P.3d 1070, 1074, 1075 (2005).

---

[1]We reject the State's argument that a claim based on *McCoy* can only be raised on direct appeal. A *McCoy* claim can be raised in a postconviction habeas petition, albeit subject to the procedural bar in NRS 34.810(1)(b) because it could have been raised on appeal. *See* NRS 34.724(1) ("Any person convicted of a crime and under sentence of . . . imprisonment who claims that the conviction was obtained . . . in violation of the Constitution of the United States or the Constitution or laws of this State . . . may . . . file a postconviction petition for a writ of habeas corpus to obtain relief from the conviction . . . .").

Having considered Urenda-Bustos's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:     Hon. Mary Kay Holthus, District Judge
        Federal Public Defender/Las Vegas
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk