IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| RAMON JACOBO GARCIA,<br>Appellant,<br>vs.<br>BRIAN WILLIAMS, WARDEN,<br>Respondent. | No. 80987 |
| RAMON JACOBO GARCIA,<br>Appellant,<br>vs.<br>BRIAN WILLIAMS, WARDEN,<br>Respondent. | No. 80988 |

FILED

APR 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated pro se appeals from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. Appellant Ramon Jacobo Garcia argues that the district court erred in denying his petition as procedurally barred. We affirm.

Garcia filed the petition 14 years after remittitur issued on his direct appeal. *Garcia v. State*, 121 Nev. 327, 113 P.3d 836 (2005). Thus, his petition was untimely filed. *See* NRS 34.726(1). The petition was also successive because he had previously litigated a postconviction petition for a writ of habeas corpus and an abuse of the writ because he asserted claims that had been raised in the prior petition. *See* NRS 34.810(1)(b), (2); *Garcia v. State*, Docket No. 48123 (Order of Affirmance, September 6, 2007). Garcia's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b), (3). Good

---

[1]Having considered appellant's pro se brief, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

21-11066

cause may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to be raised in a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003).

Garcia's argument that this court's decision in his codefendant's appeal in *Garcia v. State*, Docket No. 47059 (Order Affirming in Part and Reversing in Part and Remanding, May 31, 2007), provides good cause fails because Garcia did not raise any claim on that basis within a reasonable time after that decision. *See Hathaway*, 119 Nev. at 253, 71 P.3d at 506 (recognizing that good cause claims must be raised within a reasonable time from the claim becoming available). As Garcia did not show good cause for the entire length of his delay, we conclude that the district court correctly applied the mandatory procedural bar. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 233, 112 P.3d 1070, 1074, 1075 (2005).

Garcia also argues that failing to consider his claims on the merits would amount to a fundamental miscarriage of justice because he was actually innocent. Garcia had to show that "it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). Garcia did not identify any new evidence; rather, he argues that the relief afforded to his codefendant establishes his actual innocence. This court held that the restraint and/or movement of the victims in the *radiator store* robbery was insufficient to support the codefendant's kidnapping conviction. *Garcia*, Docket No. 47059. That decision does not show that the movement or restraint of the victims in the *fuel injection store* robbery was insufficient to support Garcia's kidnapping conviction. It is the law of the case that the movement and restraint of the victims inside the fuel injection store exceeded that required to complete the robbery and thus supported

SUPREME COURT
OF
NEVADA

(O) 1947A

2

convictions for both robbery and kidnapping.[2] *See Garcia*, Docket No. 48123; *Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975); *cf. Mendoza v. State*, 122 Nev. 267, 275, 130 P.3d 176, 181 (2006). The district court therefore did not err in denying Garcia's claim of a fundamental miscarriage of justice.

Having considered Garcia's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.          _____, J.
Pickering                                            Herndon

cc:     Hon. Michelle Leavitt, District Judge
        Ramon Jacobo Garcia
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[2]Garcia argues that a discrepancy whether those victims were moved inside or outside the store warrants deviating from the law of the case. This court has concluded that "[t]he fact that the victims were moved inside and not outside the building was not material and did not affect our conclusion that dual convictions for kidnapping and robbery were appropriate." *Garcia*, Docket No. 48123, Order of Affirmance, at 7. Accordingly, the determination was not clearly erroneous and would not result in manifest injustice if applied, and we decline Garcia's request to deviate from the law of the case. *See Hsu v. Cty. of Clark*, 123 Nev. 625, 630-31, 173 P.3d 724, 729 (2007) (recognizing circumstances where the doctrine of the law of the case may not apply).

Supreme Court
OF
Nevada

(O) 1947A