An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

WILBERT EMORY LESLIE, III,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66109

**FILED**

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant filed his petition on March 14, 2014, more than 15 years after issuance of the remittitur on direct appeal on November 3, 1998.[2] *See Leslie v. State*, 114 Nev. 8, 952 P.2d 966 (1998). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed three

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]An amended judgment of conviction, filed on March 16, 2007, reflected a change in the sentence for count 3, first-degree murder with the use of a deadly weapon, from the death penalty to consecutive terms of life in prison without the possibility of parole. Because all of appellant's substantive claims in the instant petition challenged his conviction, not his sentence, the proper measure for timeliness purposes is the 1998 decision on direct appeal. *See Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-40449

post-conviction petitions for a writ of habeas corpus.[3]  *See* NRS 34.810(1)(b)(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

First, appellant claimed that the decision in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), established "new governing law" that the ineffective assistance of post-conviction counsel could provide good cause to excuse procedural bars. Appellant's claim lacked merit. This court has already recognized that appellant, who was initially under a sentence of death, was entitled to the effective assistance of post-conviction counsel in his first, timely post-conviction petition for a writ of habeas corpus. *Leslie v. State*, Docket No. 52954 (Order of Affirmance, October 21, 2009). However, this court also held that appellant failed to raise his claims of ineffective assistance of post-conviction counsel within a reasonable time and that he therefore failed to excuse the entire length of the delay. *Id.* That ruling is the law of the case. *See Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975). And the ruling in *Martinez* would not overcome the law of the case as *Martinez* does not apply to Nevada's statutory post-conviction procedures. *See Brown v. McDaniel*, 130 Nev. ___, ___, 331 P.3d 867, 874 (2014). Thus, the decision in *Martinez* would not provide good cause for this late and successive petition.

---

[3]*Leslie v. Warden*, 118 Nev. 773, 59 P.3d 440 (2002); *Leslie v. State*, Docket No. 52954 (Order of Affirmance, October 21, 2009); *Leslie v. State*, Docket No. 61050 (Order of Affirmance, April 9, 2013).

Second, appellant claimed that the ineffective assistance of trial and appellate counsel provided good cause to excuse the procedural bars. However, those claims are themselves untimely and thus did not provide good cause for this late and successive petition. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003).

Finally, appellant failed to rebut the presumption of prejudice to the State. Accordingly, we conclude that the district court did not err in denying appellant's petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Saitta

cc: Hon. Stefany Miley, District Judge
Wilbert Emory Leslie, III
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

Supreme Court
of
Nevada

(O) 1947A