**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL DEAN ADKISSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64382

FILED

APR 1 5 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

On December 27, 2004, the district court convicted appellant Michael Dean Adkisson, pursuant to a jury verdict, of one count of murder in the second degree with the use of a deadly weapon. The district court sentenced Adkisson to serve in the Nevada Department of Corrections a term of ten years to life for the primary offense and a consecutive term of ten years to life for the deadly weapon enhancement. This court affirmed the district court's judgment of conviction. *Adkisson v. State*, Docket No. 44581 (Order of Affirmance, May 17, 2006).

On August 6, 2007, and August 7, 2007, retained counsel filed post-conviction petitions for a writ of habeas corpus. After the relationship between retained counsel and Adkisson deteriorated, retained counsel withdrew, and the district court appointed post-conviction counsel. *See* NRS 34.750(1). On December 26, 2012, appointed counsel filed a supplemental brief in support of these petitions, developing further grounds and adopting all prior arguments. The State opposed the

SUPREME COURT
OF
NEVADA

(O) 1947A

15-11335

petitions and the supplemental brief. The district court conducted an evidentiary hearing on November 1, 2013. *See* NRS 34.770(1). On December 19, 2013, the district court entered a written findings of fact, conclusions of law, and order denying Adkisson's petition. This appeal followed. After this appeal had been submitted for decision, Adkisson filed a motion to remove appointed counsel as post-conviction counsel and to proceed pro se, along with a supplemental brief. This court granted that motion.

Adkisson argued that he received ineffective assistance from his trial and appellate counsel, asserting twelve bases of error. To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); see also *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 689.

First, Adkisson argued that trial counsel provided ineffective assistance by failing to adequately investigate prior to trial, specifically asserting that counsel should have obtained expert analysis of the 911 call recording and should have interviewed people living near the crime scene to corroborate his self-defense theory. An attorney must reasonably

SUPREME COURT
OF
NEVADA

(O) 1947A

2

investigate in preparing for trial or reasonably decide not to. *Strickland*, 466 U.S. at 691; *Kirksey*, 112 Nev. at 992, 923 P.2d at 1110. Trial counsel testified that he did not enlist an expert because the 911 recording supported the State's narrative and not the defense's self-defense theory and he did not want to strengthen evidence that favored the State. Adkisson's assertion that analyzing the recording would undermine Alan Kofed's testimony lacks support in the record. Regarding neighbor interviews, trial counsel testified that he used an investigator who canvassed the neighborhood, and Adkisson failed to show that neighbor testimony would have supported the defense theory and led to a reasonable probability of a different outcome. *See Strickland*, 466 U.S. at 687-88.[1]

Second, Adkisson argued that trial counsel erred in failing to obtain gun registration sheets to impeach Kofed and Nason Schoeffler and in failing to obtain experts on ballistics, crime-scene investigations, and audio-recording analysis. Trial counsel cross-examined these witnesses at trial and testified at the evidentiary hearing that he consulted a medical expert about the fight-or-flight response and self-defense. Adkisson merely asserted potentially favorable evidence and failed to show that the gun registration sheets or additional experts would have led to a reasonable probability of a different outcome. *See id.* at 687-89; *Mortensen v. State*, 115 Nev. 273, 285, 986 P.2d 1105, 1113 (1999).

Third, Adkisson argued that trial counsel should have objected to alleged prosecutorial misconduct when the State argued at closing that

---

[1]We reject Adkisson's contention that appellate counsel was ineffective for failing to challenge the adequacy of the investigation on appeal.

the failure to test additional shell casings was a red herring and argued that the jury would have to believe that other witnesses were liars to believe Patricia Colacino's testimony. This court held on direct appeal that these arguments were not improper and did not affect Adkisson's substantial rights, especially in light of the overwhelming evidence against Adkisson. Therefore, we conclude that trial counsel was not ineffective in this regard.

Fourth, Adkisson argued that trial counsel should have objected to the admission of photographs of the victim's body, the crime scene, himself post-arrest, and the victim with two children in his lap. Adkisson argued that the former were cumulative and unfairly prejudicial and the latter obscured the victim's criminal past. Counsel alone is entrusted with tactical decisions, *Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002), such as when to object, and those decisions are "virtually unchallengeable absent extraordinary circumstances," *Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996). Adkisson did not show extraordinary circumstances warranting challenge to counsel's tactics or that counsel's objection would have led to a reasonable probability of a different outcome. *See Strickland*, 466 U.S. at 687-88.

Fifth, Adkisson argued that trial counsel should have requested a spoliation instruction because the investigation failed to preserve exculpatory evidence. Trial counsel raised this issue extensively in cross-examining police investigators and made this a prominent theme in arguing that the State failed to meet its burden. Trial counsel successfully proposed a jury instruction permitting the jury to consider whether certain tests that the police declined to perform would have been useful in determining guilt. Further, possession of the evidence that was

not collected would not likely benefit Adkisson's defense theory: the spent cartridge casings were found on the other side of the street and do not support self-defense, Kofed admitted to firing the handgun in question at the fleeing Adkisson's car, and Adkisson's assertion that the decedent fired the handgun was not supported by any evidence and conflicts with overwhelming evidence at trial. Adkisson did not show that trial counsel was deficient on this issue or that he was prejudiced by the loss of this evidence. *See Strickland*, 466 U.S. at 687-88, 691; *Daniels v. State*, 114 Nev. 261, 267, 956 P.2d 111, 115 (1998).

Sixth, Adkisson argued that trial counsel provided ineffective assistance by improperly advising Adkisson not to testify at trial. He failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. The evidentiary hearing transcript showed that counsel's reasons for advising Adkisson not to testify stemmed from concern that his testimony would damage the defense's case. The district court thoroughly canvassed Adkisson on his right to testify and informed him that the decision to testify was his alone, and he declined to do so. Trial counsel was not ineffective on this basis.

Seventh, Adkisson argued that trial counsel provided ineffective assistance in failing to object to jury instructions 6 (malice), 10 (premeditation), and 34 (reasonable doubt). This court has upheld the implied-malice language used in jury instruction 6 in *Byford v. State*, 116 Nev. 215, 232, 994 P.2d 700, 712 (2000), and the exact language of jury instruction 34 in NRS 175.211 in *Elvik v. State*, 114 Nev. 883, 897-98, 965 P.2d 281, 290-91 (1998). And as Adkisson was convicted of second-degree murder and not first-degree murder, he cannot establish prejudice as to

jury instruction 10. Trial counsel was not deficient in not objecting to these proper instructions. *See Strickland,* 466 U.S. at 687-88.[2]

Eighth, Adkisson argued that trial counsel failed to convey a plea offer. During the evidentiary hearing, trial counsel discussed his extensive plea negotiations with the State and how no plea offer was made, and the prosecutor had a similar recollection of the proceedings. The district court found trial counsel to be credible and that no offer was made. *See Lader,* 121 Nev. at 686, 120 P.3d at 1166. The record confirms that the defense requested an offer but does not show that a formal offer ever arose from these requests, and no evidence supported Adkisson's allegations that a plea offer existed or that he accepted a plea offer. Adkisson failed to show that counsel's performance was deficient. *See Strickland,* 466 U.S. at 688.

Ninth, Adkisson argued that appellate counsel provided ineffective assistance by failing to appeal the admission of each and every instance of prior bad act evidence. Appellate counsel challenged the admission of certain instances of prior bad act evidence on appeal, and this court concluded that the admission of this testimony was not plain error. Appellate counsel was not deficient in failing to challenge other similar testimony. *See Kirksey,* 112 Nev. at 998, 923 P.2d at 1114; *Hall v. State,* 91 Nev. 314, 535 P.2d 797 (1975).

Tenth, Adkisson argued that appellate counsel provided ineffective assistance by failing to challenge the district court's failure to hold a hearing to determine admissibility under NRS 48.045 in admitting

---

[2]We reject Adkisson's contention that appellate counsel was ineffective for not challenging jury instructions 6, 10, and 34 on appeal.

instances of prior bad act evidence. *See Petrocelli v. State*, 101 Nev. 46, 51, 692 P.2d 503, 507 (1985), *modified on other grounds by Sonner v. State*, 112 Nev. 1328, 930 P.2d 707 (1996). The absence of a *Petrocelli* hearing did not require reversal where, as here, the record showed that the prior bad act evidence was admissible or where the result would be the same absent the evidence. *McNelton v. State*, 115 Nev. 396, 405, 990 P.2d 1263, 1269 (1999). Given the affirmed admission of nearly equivalent evidence, the overwhelming evidence against Adkisson's self-defense claim, and the conceded fact that he shot the decedent, the outcome would be the same absent this prior bad act evidence. *See id.*

Eleventh, Adkisson argued that appellate counsel provided ineffective assistance by failing to challenge the admission of impermissible hearsay. Adkisson highlighted a brief exchange in which a witness testified when asked to describe another witness's tone of voice: "She was scared. She's a single mom. She has four kids." This testimony did not relate an out-of-court statement admitted to prove the truth of the matter asserted and therefore is not hearsay. *See* NRS 51.035. Accordingly, this issue would not have had a reasonable probability of success on appeal. *See Kirksey*, 112 Nev. at 998, 923 P.2d at 1114.

Twelfth, Adkisson argued that cumulative error by counsel compels relief. Assuming that more than one deficiency in counsel's performance may be cumulated to show prejudice under *Strickland, see McConnell v. State*, 125 Nev. 243, 259 n.17, 212 P.3d 307, 318 n.17 (2009), because we have found only the *Petrocelli* error for which Adkisson failed to demonstrate prejudice, there is nothing to cumulate.

Having considered Adkisson's contentions and concluded that they were without merit, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Hardesty

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. David B. Barker, District Judge
Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk
Michael Dean Adkisson

---

[3]This court will not consider claims for relief that were not raised in the post-conviction petition for habeas corpus or considered by the district court. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 103 P.3d 25 (2004). Therefore, we decline to consider arguments raised for the first time in Adkisson's pro se brief.