# IN THE SUPREME COURT OF THE STATE OF NEVADA

LOREN RAYMOND FOLLETT,
Appellant,
vs.
THE STATE OF NEVADA; AND
ROBERT LEGRAND, WARDEN,
LOVELOCK CORRECTIONAL
CENTER, NEVADA DEPARTMENT OF
CORRECTIONS,
Respondents.

No. 67143



FILED

MAR 17 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge.

On appeal from the denial of his April 21, 2014, petition, appellant first argues that the district court erred in denying his claims that the trial court had erred in failing to instruct the jury that a reasonable but mistaken belief in consent is a defense to sexual assault and in allowing the State's expert to give testimony regarding delayed reporting of sexual assault. This court considered and rejected these claims on direct appeal. *See Follett v. State*, Docket No. 60784 (Order of Affirmance, May 15, 2013). Those holdings are the law of the case, which "cannot be avoided by a more detailed and precisely focused argument subsequently made after reflection upon the previous proceedings." *Hall v. State*, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975). Appellant has failed to demonstrate that those holdings are "so clearly erroneous" as to warrant departing from them. *Tien Fu Hsu v. County of Clark*, 123 Nev. 625, 631, 173 P.3d 724, 729 (2007) (quoting *Clem v. State*, 119 Nev. 615, 620, 81 P.3d 521, 525 (2003)).

16-08587

Appellant next argues that the district court erred in denying his claims of ineffective assistance of trial and appellate counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. Claims must be supported by specific factual allegations that, if true and not repelled by the record, would entitle a petitioner to relief. *Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

First, appellant argues that trial counsel was ineffective for failing to interview witnesses despite a clear duty to investigate. Appellant has failed to demonstrate deficiency or prejudice. For the events where there were witnesses, appellant has not demonstrated that counsel was objectively unreasonable in not interviewing the witnesses because the discrepancies in appellant's and the victim's testimony were minor. As to the beginning of the disagreement, both appellant and the victim testified that they were alone, so there were no witnesses. Moreover, appellant's bare claim does not indicate that he was prejudiced, because he fails to indicate what the witnesses would have said or show how their testimony would have resulted in a different outcome at trial. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). We therefore conclude that the district court did not err in denying this claim.

Second, appellant argues appellate counsel was ineffective for failing to contact the jurors after trial to learn what happened to cause them to move from hung to a unanimous guilty verdict. Appellant has failed to demonstrate deficiency or prejudice. Appellant has not demonstrated that counsel was objectively unreasonable where the general rule is that jurors may not impeach their own verdict. *See Meyer v. State*, 119 Nev. 554, 562, 80 P.3d 447, 454 (2003). Moreover, appellant's bare claim does not indicate that he was prejudiced, because he fails to state what the jurors would have said or how it would have resulted in a reasonable probability of success on appeal. We therefore conclude that the district court did not err in denying this claim.

Third, appellant argues appellate counsel was ineffective for failing to file a reply brief. Appellant has failed to demonstrate deficiency or prejudice. Whether to file a reply brief is discretionary. *See* NRAP 28(c) ("The appellant *may* file a brief in reply." (emphasis added)). Further, appellant has not identified any new matter that the State raised in its answering brief such that a reply brief would have been appropriate. *See id.* ("A reply brief . . . must be limited to answering any new matter set forth in the opposing brief."). Moreover, appellant's bare claim does not indicate what the reply brief should have said or how it would have resulted in a reasonable probability of success on appeal. We therefore conclude that the district court did not err in denying this claim.

Finally, appellant argues that cumulative error warrants a reversal of his conviction. As this claim was not raised below, we need not consider it on appeal in the first instance. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

For the foregoing reasons, we conclude that appellant's claims lack merit, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Jerome M. Polaha, District Judge
Kenneth J. McKenna
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk