# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES LALL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67496

**FILED**

APR 1 4 2016



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

On appeal from the denial of his March 18, 2011, petition, appellant argues that the district court erred in denying his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but

review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant argues that counsel was ineffective for failing to move to dismiss his conviction of either mayhem or battery resulting in substantial bodily harm because the conviction for both offenses is redundant and violates the Double Jeopardy Clauses of the United States and Nevada Constitutions. Appellant has failed to demonstrate deficiency or prejudice. The Double Jeopardy Clauses protect a defendant "from multiple punishments for the same offense." *Salazar v. State*, 119 Nev. 224, 227, 70 P.3d 749, 751 (2003), *disapproved of on other grounds by Jackson v. State*, 128 Nev., Adv. Op. 55, 291 P.3d 1274 (2012); *see also North Carolina v. Pearce*, 395 U.S 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989). The district court's finding that the three shootings comprised three separate offenses is supported by substantial evidence in the record. To the extent that appellant argues that counsel should have challenged the convictions under the then-applicable redundancy doctrine, his claim fails because the gravamen of each charge was a separate discharge of the firearm. *See Salazar*, 119 Nev. at 227-28, 70 P.3d at 751 ("[W]here a defendant is convicted of two offenses that, as charged, punish the exact same illegal act, the convictions are redundant.") We therefore conclude that the district court did not err in denying this claim.

Appellant also argues that counsel was ineffective for failing to investigate individuals who called 9-1-1 during the incident or neighbors who may have witnessed it. This claim was previously raised and rejected in *Lall v. State*, Docket No. 64218 (Order of Reversal and Remand, September 19, 2014), and the doctrine of the law of the case

prevents further litigation of this issue where appellant has made no attempt to argue that it should not apply. *See Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975); *see also Hsu v. County of Clark*, 123 Nev. 625, 632, 173 P.3d 724, 729-30 (2007); *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:   Hon. Carolyn Ellsworth, District Judge
      Law Office of Betsy Allen
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk