# IN THE SUPREME COURT OF THE STATE OF NEVADA

EVIER DIAZ PAEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68337

FILED

NOV 17 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valerie Adair, Judge. Appellant Evier Diaz Paez argues that the district court erred in rejecting, without an evidentiary hearing, several of his claims that he received ineffective assistance from his trial and appellate counsel. We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113-14 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). The petitioner is entitled to an evidentiary hearing when the claims asserted are more than bare allegations and are supported by specific factual allegations not belied or

16-35964

repelled by the record that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008). We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Paez first argues that trial counsel had a conflict of interest but failed to move to withdraw and that appellate counsel failed to assert a Sixth Amendment challenge based on the purported conflict. Both claims are belied by the record as trial counsel attempted to withdraw multiple times and appellate counsel raised the issue on appeal.[1] The district court therefore did not err in denying the claim without an evidentiary hearing.

Second, Paez argues that trial counsel failed to move to suppress the photographic-lineup identification on the ground that it was impermissibly suggestive because the alleged shooter's nickname was printed next to his photograph. The lineup was not impermissibly suggestive because the men pictured in the lineup matched the victim's description of the perpetrator and the victim had previously met Paez socially, gave a description of the shooter that matched Paez, and was certain about his identification, both initially and at trial. *See Thompson v. State*, 125 Nev. 807, 813-14, 221 P.3d 708, 713 (2009) ("A photographic

---

[1]We rejected Paez's Sixth Amendment claim on appeal, determining that Paez had not demonstrated an actual conflict and the potential conflict could not be imputed to the deputy public defender who represented Paez at trial. *Paez v. State*, Docket No. 57488 (Order of Affirmance, July 23, 2013). Further litigation of this issue is barred by the law of the case doctrine. *Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975).

identification must be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." (internal brackets and quotation marks omitted)). Contrary to Paez's assertion, the shooter's nickname was used as the lineup name and was not associated with any individual photograph included in the array. Paez did not show deficient performance or prejudice. Accordingly, the district court did not err in denying this claim without an evidentiary hearing.

Third, Paez argues that trial counsel failed to investigate and call G.S. to testify. Paez has merely speculated that G.S.'s testimony would be favorable without alleging specific facts to which she would testify. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004) (petitioner claiming counsel did not conduct adequate investigation must specify what a more thorough investigation would have uncovered). Further, the record shows that had counsel called G.S. to testify, the State could discredit her testimony as biased toward Paez based on her tattoo of his initials and jail calls discussing changing her story to exculpate Paez and showing her close relationship with Paez. *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) ("A strategy decision, such as who should be called as a witness, is a tactical decision that is virtually unchallengeable absent extraordinary circumstances." (internal quotation marks omitted)). Accordingly, Paez failed to alleged sufficient facts that, if true, would demonstrate deficient performance and prejudice. The district court therefore did not err in denying this claim without an evidentiary hearing.

Fourth, Paez argues that trial counsel failed to call an expert to testify about the effect of regular methamphetamine usage on the

victim's ability to perceive and remember the shooting. Paez failed to show prejudice where trial counsel cross-examined the victim on the use of methamphetamine and the paramedic and detective who spoke with the victim shortly after the shooting each testified that the victim was coherent, able to communicate, and not intoxicated. Accordingly, the district court did not err in denying this claim without an evidentiary hearing.

Having considered Paez's contentions and concluded that the district court did not err, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc:    Hon. Valerie Adair, District Judge
       Law Offices of Gamage & Gamage
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk