IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL LUDWIG WOLFF,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77662

FILED

JAN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.

In 2004, appellant was convicted of robbery with the use of a deadly weapon and first-degree murder with the use of a deadly weapon. This court affirmed appellant's judgment of conviction and issued remittitur on October 24, 2006. *Wolff v. State*, Docket No. 44420 (Order of Affirmance, September 27, 2006). The instant postconviction petition for a writ of habeas corpus was filed on September 6, 2008. The district court initially denied the petition as untimely filed and without good cause for the delay. *See* NRS 34.726(1). On appeal, this court noted the petition bore two received stamps from the district court clerk—one dated October 18, 2007, and one dated September 6, 2008. The petition would have been timely if the clerk received it on October 18, 2007. *Cf.* NRAP 4(e). Thus, this court reversed and remanded for an evidentiary hearing to determine whether the petition was received on October 18, 2007. *Wolff v. State*, Docket No. 53115 (November 5, 2009, Order Granting Rehearing, Reinstating Appeal, Reversing and Remanding). After an evidentiary hearing, the district court determined that the petition was received on October 18, 2007, and

therefore that the petition was timely filed.[1] After another evidentiary hearing, the district court denied appellant's petition. This appeal followed.

First, appellant argues the district court erred when it denied his claim that a motion for mistrial should have been granted based on jury pool contamination. Appellant does not allege good cause for presenting this claim in his postconviction petition when it could have been raised on direct appeal. *See* NRS 34.810(1)(b)(2); NRS 34.810(3). Thus, this claim is procedurally barred.

Second, appellant argues the district court erred when it denied his claim that unduly prejudicial autopsy photographs were erroneously admitted during trial. This claim was considered and denied on direct appeal. *Wolff v. State*, Docket No. 44420 (Order of Affirmance, September 27, 2006). Appellant has not alleged nor shown that his current claim is substantially new or different than what was considered on direct appeal, and thus the claim is barred by the law-of-the-case doctrine. *See Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975); *see also Hsu v. Cty. of Clark*, 123 Nev. 625, 630, 173 P.3d 724, 729 (2007) (observing that federal courts recognize an exception to the doctrine when "subsequent proceedings produce substantially new or different evidence").

Third, appellant argues the district court erred when it denied his claim of prosecutorial misconduct. The substance of appellant's prosecutorial misconduct claim—that the prosecutor elicited improper character evidence—was considered and denied on direct appeal. *Wolff v.*

---

[1]Subsequently, the district court appears to have applied NRS 34.726's procedural bar for untimely postconviction habeas petitions. This was in error. However, we affirm the district court's order denying appellant's petition as it reached the right result, albeit for the wrong reason. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970).

SUPREME COURT
OF
NEVADA

(O) 1947A

*State*, Docket No. 44420 (Order of Affirmance, September 27, 2006). Appellant has not alleged nor shown that his current claim is substantially new or different than what was considered on direct appeal, and thus the claim is barred by the law-of-the-case doctrine. *See Hall*, 91 Nev. at 315, 535 P.2d at 798; *see also Hsu*, 123 Nev. at 630, 173 P.3d at 729.

Fourth, appellant argues the district court erred when it denied his claim of ineffective assistance of trial counsel. He argues that counsel should have presented more evidence in mitigation, specifically two named individuals who would have testified as to appellant's character for peacefulness and good upbringing. The only evidence presented at the evidentiary hearing was that one of the named individuals was deceased and the other had "a memory of [appellant] but nothing significant that he could provide in terms of character." Appellant did not testify at the hearing, but trial counsel testified that he was aware appellant had more family members than the two he presented in mitigation but that he believed their testimony was sufficient. Based on the evidence presented, appellant has not demonstrated counsel's performance fell below an objective standard of reasonableness or a reasonable probability of a different outcome but for counsel's errors. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 690 (1984) (setting forth the test to prove ineffective assistance of counsel and recognizing "that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment"); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*).

Lastly, appellant argues the district court erred when it denied his claim of cumulative error. As appellant failed to demonstrate any error, there is nothing to cumulate.

Having considered appellant's claims and concluded no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.[2]

_____Pickering_____, C.J.
Pickering

_____Gibbons_____, J.
Gibbons

_____Douglas_____, Sr. J.
Douglas

cc:    Hon. Tierra Danielle Jones, District Judge
       Law Office of Julian Gregory, L.L.C.
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.