# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JESUS IGNASIO FLORES,<br>Appellant,<br>vs.<br>BRIAN E. WILLIAMS, SR., WARDEN;<br>JAMES DZURENDA; AND AARON D.<br>FORD,<br>Respondents. | No. 80245 |
| JESUS IGNASIO FLORES,<br>Appellant,<br>vs.<br>BRIAN E. WILLIAMS, SR., WARDEN;<br>JAMES DZURENDA; AND AARON D.<br>FORD,<br>Respondents. | No. 80246<br><br>**FILED**<br><br>JAN 15 2021<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>CHIEF DEPUTY CLERK |

## ORDER OF AFFIRMANCE

These are appeals from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

Appellant filed his petition on May 13, 2019, more than seven years after this court issued its remittitur on direct appeal on October 11, 2011. *See Flores v. State*, Docket No. 56940 (Order of Affirmance, September 14, 2011). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated a postconviction petition for a writ of habeas corpus on the merits, and it constituted an abuse of the writ to the extent that he raised claims new and different from those raised in his previous petition. *See* NRS 34.810(1)(b)(2); NRS 34.810(2); *see also Flores v. State*, Docket No. 63422 (Order of Affirmance, July 23, 2014). Appellant's petition was procedurally barred absent a demonstration of good cause and actual

prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Good cause may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to be raised in a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Moreover, because the State specifically pleaded laches, appellant also had to overcome the rebuttable presumption of prejudice. NRS 34.800(2). Based upon our review of the record on appeal, we conclude that the district court did not err in denying the petition as procedurally barred for the reasons discussed below.

Appellant argues that the Supreme Court's recent decision in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), provides good cause. He is mistaken, as *McCoy* is distinguishable.[1] *McCoy* held that an attorney may not concede guilt over a defendant's express objection. 138 S. Ct. at 1509. *McCoy* differentiated a defendant who opposed counsel's concession from a defendant who "'was generally unresponsive' during discussions of trial strategy, and 'never verbally approved or protested'" the concession strategy. *Id.* (quoting *Florida v. Nixon*, 543 U.S. 175, 181 (2004)). Here, trial counsel conceded appellant's guilt to three of the five charges (conspiracy to commit robbery, robbery, and burglary) during opening statements and closing arguments but also argued the State overcharged the case and disputed appellant's guilt to the two other charges (kidnapping and battery) and the weapons allegations.[2] Appellant was canvassed,

---

[1]Because *McCoy* is distinguishable, we need not resolve appellant's argument that *McCoy* applies retroactively.

[2]The record belies appellant's assertion that trial counsel conceded to the other charges or the weapons allegations. Rather, trial counsel cross-examined witnesses to cast doubt about the facts supporting the other

indicated he discussed the concession strategy with counsel, and expressly consented to counsel's strategy. Trial counsel further explained the reasoning behind the limited concession and stated that it had been discussed with appellant. Thus, *McCoy* is distinguishable because appellant never opposed the concession and expressly consented to it during the canvass.

*McCoy* further does not provide good cause for a claim challenging trial counsel's advice regarding the concession strategy because *McCoy* involved "a client's autonomy, not counsel's competence," 138 S. Ct. at 1510, and any claims challenging trial counsel's advice on the concession strategy could have been raised in appellant's first petition.[3] *See Nixon*, 543 U.S. at 186-92 (discussing ineffective-assistance claim challenging concession strategy and rejecting notion that concession strategy requires

---

charges. Trial counsel further presented a number of legal arguments asserting that appellant was not liable for the other offenses or weapons allegations, including, for example, that appellant did not know about and did not possess any weapons, that the kidnapping was incidental to the robbery, that appellant did not know of the battery, and that the battery was not a probable consequence of the conspiracy to commit robbery.

[3]This court has previously considered and rejected appellant's argument that his trial counsel were ineffective regarding the concession strategy or that trial counsel made concessions beyond the scope of the concession strategy regarding the weapons allegations. *Flores*, Docket No. 63422, Order of Affirmance at 2-4. The doctrine of the law of the case prevents further litigation of these claims absent extraordinary circumstances not shown here. *See Hsu v. Cty. of Clark*, 123 Nev. 625, 630-31, 173 P.3d 724, 729 (2007) (discussing factors overcoming the doctrine of the law of the case); *Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975) (discussing doctrine of the law of the case).

express consent or that it is the functional equivalent of a guilty plea).[4] Although *McCoy* noted that the decision to concede was similar in nature to other decisions reserved to a defendant, like "whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal," 138 S. Ct. at 1508, *McCoy* does not require consent. It only requires that counsel not pursue a concession strategy over a defendant's objection. *Id.* at 1509-10. And regardless, as discussed above, appellant was canvassed by the trial court and expressly agreed to the concession strategy, and counsel did not exceed the scope of the concession strategy. Therefore, we conclude that the district court did not err in determining that *McCoy* did not provide good cause in this case.

Appellant further did not demonstrate the district court erred in determining the petition was barred by laches. The State sufficiently pleaded laches, and prejudice was presumed based on the more-than-five-year period from the decision on direct appeal. NRS 34.800(2). Appellant has not overcome the presumption of prejudice to the State. *See* NRS 34.800 (requiring a petitioner to demonstrate a fundamental miscarriage of justice when the State is prejudiced in its ability to conduct a retrial and lack of knowledge or exercise of reasonable diligence when the State is prejudiced in responding to the petition); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001) (recognizing that fundamental miscarriage of justice requires a showing of actual innocence).

---

[4]Notably, *McCoy* did not alter the holding in *Nixon*. *McCoy*, 138 S. Ct. at 1509.

Thus, we conclude that the district court correctly applied the mandatory procedural bars and did not err in determining the petition was barred by laches. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 233, 112 P.3d 1070, 1074, 1075 (2005). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Susan Johnson, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Attorney General/Las Vegas
Eighth District Court Clerk