IN THE SUPREME COURT OF THE STATE OF NEVADA

MARGARET REDDY; MOHAN
THALAMARLA; AND MAX GLOBAL,
INC.,
Appellants,
vs.
MEDAPPEAL, LLC, AN ILLINOIS
LIMITED LIABILITY COMPANY,
Respondent.

No. 83763

FILED

OCT 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a postjudgment award of attorney fees. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.[1]

In a previous appeal, this court affirmed the district court's decision to grant summary judgment in respondent's favor. *See Reddy v. Medappeal, LLC*, No. 83253, 2022 WL 2197101 (Nev. June 17, 2022) (Order of Affirmance). In doing so, we rejected appellants' argument that respondent needed to be licensed in Nevada as a limited liability company (LLC) in order to file the underlying lawsuit. *Id.* at *2. The basis for our conclusion was NRS 86.5483(1), which provides that "[f]or the purposes of NRS 86.543 to 86.549, inclusive, the following activities do not constitute transacting business in this State: [m]aintaining, defending or settling any proceeding." *Id.* (quoting NRS 82.5483(1)). In particular, we reasoned that "[p]ursuing a legal action appears to fall squarely within this definition, and appellants do not argue otherwise." *Id.*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

22-32031

Now in this appeal, appellants do "argue otherwise." Namely, they contend that "maintaining" and "commencing" have different meanings, and that respondent needed to be licensed in Nevada to "commence" the underlying action.[2] We decline to consider this argument, both because it is barred by the law-of-the-case doctrine and because it was not raised in district court.[3] *See Recontrust Co. v. Zhang*, 130 Nev. 1, 7-8, 317 P.3d 814, 818 (2014) ("The law-of-the-case doctrine refers to a family of rules embodying the general concept that a court involved in later phases of a lawsuit should not re-open questions decided (i.e., established as law of the case) by that court or a higher one in earlier phases." (internal quotation marks omitted)); *Hall v. State*, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975) ("The doctrine of the law of the case cannot be avoided by a more detailed and precisely focused argument subsequently made after reflection upon the previous proceedings."); *see also Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (recognizing that this court need not consider arguments raised for the first time on appeal). Because appellants

---

[2]Appellants also reiterate their argument that a corporation must be qualified to do business in Nevada as a prerequisite for filing a lawsuit in Nevada. While appellants' relied-upon authorities support the proposition that qualification is a prerequisite for a corporation *actually doing business* in Nevada, we are not persuaded that those authorities apply to the respondent LLC that undisputedly did not conduct any business in Nevada.

[3]In this, we note that respondent relied on NRS 86.5483 in its August 13, 2021, district court filing, such that appellants had multiple opportunities to contest respondent's position before doing so for the first time in this appeal. Despite the untimely argument, we deny respondent's request for sanctions under NRAP 38.

have not provided any other argument in support of reversing the district court's attorney fee award,[4] we

ORDER the judgment of the district court AFFIRMED.[5]

_____, C.J.
Parraguirre

_____, J.        _____, Sr.J.
Herndon                              Gibbons

cc:  Hon. Adriana Escobar, District Judge
     Stephen E. Haberfeld, Settlement Judge
     The Wasielewski Law Firm, Ltd.
     The Ball Law Group LLC
     Eighth District Court Clerk

---

[4]To the extent that appellants are challenging the district court's October 25, 2021, order, we are not persuaded that reversal is warranted.

[5]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A